

# In the Court of Criminal Appeals of Texas

No. WR-76,324-02

EX PARTE STEVEN LYNN LONG,

*Applicant*

On Application for Writ of Habeas Corpus
Cause No. W05-52918-R(B) in the 265th District Court
Dallas County

YEARY, J., filed dissenting opinion.

Once again, in this subsequent application for post-conviction writ of habeas corpus, the Court grants yet another applicant relief on a claim that he may not be executed consistent with *Atkins v. Virginia*, 536 U.S. 304 (2002). Once again, however, the Court grants such relief without first resolving a number of indispensable predicate questions. And for that reason, once again, I respectfully dissent.

First of all, Applicant's trial occurred in 2006, four years after *Atkins* was decided. Yet Applicant failed to pursue a claim of intellectual disability at that time. The Court should decide whether that failure constitutes a procedural default that forecloses Applicant's ability to complain in a post-conviction habeas corpus proceeding. *Ex parte Jean*, ___ S.W.3d ___, No. WR-84,327-01, 2023 WL 2993888, at *1−3 (Tex. Crim. App. Apr. 19, 2023) (Yeary, J., dissenting). Second, even assuming that Applicant *can* raise his *Atkins* claim for the first time in post-conviction proceedings, should he nevertheless have to prove his claim by a higher standard of proof than a preponderance of the evidence? *Id.* at *3−6; *Ex parte Segundo*, 663 S.W.3d 705, 707−10 (Tex. Crim. App. 2022) (Keller, P.J., dissenting).

Third, this is not even an initial writ application; it is a subsequent application, brought under the auspices of Section 5 of Article 11.071. TEX. CODE CRIM. PROC. art. 11.071, § 5. This Court permitted Applicant to proceed based upon the new law represented by the first opinion of the United States Supreme Court in the *Moore* case. *See Ex parte Long*, No. WR-76,324-02, 2018 WL 3217506 (Tex. Crim. App. June 27, 2018) (citing *Moore v. Texas*, 581 U.S. 1 (2018)). It is not clear to me, however, that in assessing the *Atkins* claim, as it was raised in Applicant's *initial* writ application, any of the mistakes identified by the Supreme Court in *Moore* (as well as *Moore v. Texas*, 139 S. Ct. 666 (2019)) were made. *See Segundo*, 663 S.W.3d at 715 & n.5 (Yeary, J., dissenting).

Allowing Applicant to re-raise his claim in a subsequent writ application anyway has only permitted some of the experts to change

their assessments of his condition based upon the most recent revisions to the professional manuals that define the diagnostic criteria for intellectual disability. *Id*. at 712−15 (Yeary, J., dissenting). But changes in the manuals should not be thought to automatically translate into a national consensus about the tolerance of the death penalty under the Eighth Amendment. *Id*. at 715 (Yeary, J., dissenting). Just because the professional consensus defining intellectual disability (if that is even what the manuals reflect) has evolved, that does not *necessarily* mean that society's standard of decency pertaining to the propriety of the death penalty has evolved to the same extent. *Id*. It seems to me that whether society's standard has also evolved remains to be determined, either by this Court or by the United States Supreme Court.

Finally, it remains unclear to me whether, even assuming Applicant has met whatever burden he should shoulder to prove intellectual disability, the proper disposition for Applicant is for this Court to reform his death penalty to a life sentence. The Court has yet to address the question of whether the more appropriate disposition, at least for capital cases that were tried post-*Atkins*, might be to remand the cause to the convicting court to empanel a new jury to determine the issue of intellectual disability there, in the first instance. *Ex parte Lizcano*, 607 S.W.3d 339, 340−41 & n.6 (Tex. Crim. App. 2020) (Yeary, J., dissenting); *Segundo*, 663 S.W.3d at 711−12 (Yeary, J., dissenting); *Ex parte Williams*, No. WR-71,296-03, 2020 WL 7234532 (Tex. Crim. App. Dec. 9, 2020) (not designated for publication).

Once again, I respectfully dissent.

**FILED:**                                      June 28, 2023
**PUBLISH**